CLD-174                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1407
_____

ANTHONY J. BRODZKI,
                    Appellant

v.

CBS CORPORATION;
CBS HEADQUARTERS;
CBS SPORTS

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 11-cv-00841)
District Judge:  Honorable Sue L. Robinson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 3, 2012
Before:  RENDELL, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: May 15, 2012)
_____

OPINION
_____

PER CURIAM

        Anthony J. Brodzki, proceeding pro se, appeals from the District Court's order

dismissing his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and denying his

motion for reconsideration.  For the reasons that follow, we will dismiss Brodzki's appeal pursuant to § 1915(e)(2), as well.

In September 2011, Brodzki filed a complaint in the District Court against CBS Corporation, CBS Headquarters, and CBS Sports, alleging that "Dan Marino and his [CBS] national sports crew referred to [him] as a pedophile" and referred to him by name during several nationally broadcast pre-game shows.  Brodzki sought $50 million in damages for slander, defamation, and loss of reputation, and sought injunctive relief.  Although not specifically alleged in his complaint, Brodzki indicated on his civil cover sheet that the lawsuit was filed pursuant to 42 U.S.C. § 1983.

After granting Brodzki in forma pauperis status, the District Court screened his complaint for legal sufficiency pursuant to 28 U.S.C. § 1915(e)(2).  The District Court noted that Brodzki had filed a similar complaint against CBS Sports in December 2010, see D.C. Civ. No. 10-1141, which was dismissed as frivolous in April 2011.  The District Court first dismissed the civil rights claim because the defendants are not state actors.  The court then found that Brodzki failed to plead the elements of his tort claims and that granting him leave to amend the complaint would be futile.  The court noted that Brodzki

2

had a pattern of filing repetitive claims[1], which amounted to malicious litigation, and concluded that his allegations are "fantastic, delusional, irrational, and frivolous." Accordingly, the District Court dismissed the complaint as frivolous under § 1915(e)(2). Brodzki filed an objection, which the District Court construed as a motion for reconsideration and then denied. Brodzki timely filed a notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of the complaint under § 1915. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Because Brodzki has been granted leave to proceed IFP on appeal, we must determine whether the appeal is subject to dismissal as frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

We agree with the District Court that Brodzki's allegations were delusional and irrational in nature, and we find that they were properly dismissed as frivolous. In light of the nature of his factual allegations, we find no error with the District Court's determination that allowing Brodzki to amend his complaint would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 112-13 (3d Cir. 2002) ("dismissals of frivolous claims do not require leave to amend due to the long tradition of denying leave to amend under Rule 15(a) when amendment is inequitable or futile"). Accordingly, the District Court appropriately dismissed his complaint.

---

[1] Beginning in 2009, Brodzki filed more than 152 civil actions and 20 appeals. The Northern District of Illinois issued a vexatious litigant order against him and the Northern District of Texas has sanctioned him at least once.

We also find no error in the District Court's denial of Brodzki's motion to reconsider. We review such motions for abuse of discretion. See Caver v. City of Trenton, 420 F.3d 243, 258 (3d Cir. 2005). Brodzki's motion did not identify a change in controlling law, the availability of new evidence, or the need to correct an error of fact or law or prevent manifest injustice. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Because we conclude that this appeal is legally frivolous, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2).